HEIRS OF TECLO PAGÁN LOZADA, ETC., Plaintiffs and Appellants, *v.* ANTONIO BERRÍOS BERDECÍA ET AL., Defendants and Appellees.

No. 195. Decided March 9, 1962.

*Víctor A. Coll Pujol, Dennis Martínez Irizarry,* and *Alberto Pagán Pagán* for plaintiffs, the latter appeared also on his own behalf. *C. Domínguez Rubio, Leopoldo López Flores,* and *Arístides Blanco Colón* for defendants.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

JUDGMENT

On September 17, 1956 the heirs of Teclo Pagán Lozada filed an action for nullity of actions, revendication, debt and damages against Antonio Berríos, Leopoldo Rojas Flores,

Martín Rosado Ortiz and the latter's wives. After numerous incidents which we need not recite, by an order entered on April 15, 1959, denying a motion for summary judgment made by plaintiffs, the hearing of the case was set for May 26 and 27, 1959. On May 1 plaintiffs moved for a continuance, thereby confirming the personal letter which Víctor A. Coll wrote to the presiding magistrate informing him that he would be out of Puerto Rico on business of the National Guard in the United States. This motion for continuance was granted on May 5 and the hearing was set for June 16 and 17, further providing that plaintiffs "shall comply, within a term not to exceed fifteen (15) days as of service of notice hereof, with all the demands which are pending action made to them by defendants." [1] On June 8 plaintiffs again moved for a continuance alleging that "Cayetano Coll Cuchí (who is handling this suit) is confined in the Auxilio Mutuo Hospital of Hato Rey, Puerto Rico, as a result of a hip fracture which he sustained in a fall, and that Dennis Martínez was busy in the final examinations and graduation of the law students of the University," and that Víctor A. Coll, who had signed the motion, had returned around that time from the United States and found "A great amount of work which had piled up in his office during his absence." The defendants objected. The court refused the continuance. Reconsideration of this last order was sought on June 15. On June 16—the day set for the hearing of the case—the motion for reconsideration was argued. In view of the persistent objection of defendants, who alleged that they were ready for the hearing of the case, the judge denied the motion. In

---

[1] The court referred to (1) a motion made by defendant Berríos on October 22, 1957 for a more explicit answer to the interrogatories (Tr. Rec. 81–82); (2) a motion for exhibition of documents—sharecropping account book—made by defendant Rosado (see Tr. Rec. 128). As to No. 2, compliance with the order of the court was not had until the very day of the setting.

·view of this situation, plaintiffs finally moved that the hearing be postponed for the following day to which the court acceded.[2] The next day Víctor A. Coll announced that he was not prepared for the hearing. Present in the courtroom were seven witnesses whom plaintiffs proposed to introduce, including five plaintiffs, and for that reason the judge said: "The only thing the court asks colleague Coll is to proceed with the case." (Tr. Ev. 63.) Plaintiffs refused to do so. Defendants moved for dismissal of the complaint and it was so ordered, judgment having been rendered dismissing the same.

Plaintiffs appealed to this Court. Without acquainting ourselves with all the disclosures of the record or with the transcript of evidence of the hearings of June 16 and 17

---

[2] This incident occurred as follows (Tr. Ev. 52–53):

"HON. JUDGE:

I already told the colleague this morning: we are not going to continue that case. The court asks colleagues Martínez and Coll, are you willing to proceed with the case tomorrow morning at nine? I am going to continue it tomorrow morning.

ATTORNEY MARTÍNEZ:

Your Honor, we would, after promising the court that we shall make an effort.

HON. JUDGE:

Don't tell me you are going to make an effort and tell me tomorrow: we made an usual effort and are not prepared. In the last minute you said until tomorrow, and if you promise that the case will be heard tomorrow, we postpone it until tomorrow morning.

ATTORNEY COLL:

All right.

ATTORNEY MARTÍNEZ:

In that case, we hear the case tomorrow.

HON. JUDGE:

All right.

ATTORNEY COLL:

We are ready to proceed with the case tomorrow.

HON. JUDGE:

Then we commence tomorrow at nine sharp. All right, court adjourned until tomorrow morning."

which were sent up on September 21, 1959, on August 18 we issued a writ to review the judgment rendered.

 The only question involved in the present case is the determination whether the trial court abused its discretion in refusing to continue the hearing because plaintiffs were not prepared to introduce their evidence.[3] A close examination of the record and a careful reading of the transcript of evidence prompt us to sustain the action challenged: (1) it is inconceivable that three years after this suit was brought plaintiffs were in no position to commence the hearing, as urged by the trial judge, especially considering that a great part of the evidence of the allegations depended on documentary evidence, and further, that there were present seven witnesses, able to testify, among whom were five plaintiffs; (2) the record shows that the name of Cayetano Coll Cuchí was used on more than one occasion to procure continuances or postponements, when the late colleague himself mentioned that "the attorney in charge of this proceeding is Víctor A. Coll"; (3) the last continuance was procured on the basis of the promise of two of the attorneys for plaintiffs that the following day, they would proceed with the trial; (4) although it is correct that suits must be decided on the merits, it is no less true that a defendant has the right to be delivered from the injuries caused—material as well as spiritual—by a protracted litigation, especially in matters involving his reputation and integrity; (5) the incidents on discovery of evidence—interrogatories and exhibition of documents—and the motion for summary judgment made by plaintiffs presuppose

---

[3] Section 202 of the Code of Civil Procedure, 32 L.P.R.A. § 948, prescribed the requirements for filing a motion to postpone a trial on the ground of absence of evidence. This section was expressly repealed by Rule 72 of the Rules of Civil Procedure of 1958. However, the case law on the matter under the repealed provision may serve as a guide in deciding this matter, omitting those formal requirements—such as the need for an affidavit—provided by that section and which are contrary to the spirit of procedural simplification underlying the Rules.

preparedness and acquaintance with the questions of fact and of law [4] involved in the case.

■ The continuance of the trial rests in the sound discretion of the trial court, *Pepín* v. *Ready-Mix Concrete*, 70 P.R.R. 723 (1950). The circumstances of this case do not prompt us to disturb the exercise of such discretion by the trial court.

The writ issued is quashed and the judgment rendered by the Superior Court, Guayama Part, on June 17, 1959 is affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*

---

[4] The cornerstone of the causes of action of plaintiffs rests on the acquisition by the executors of the properties entrusted to them, through an alleged dummy, by the widow and two of the heirs. See *Piazza* v. *Piazza*, 83 P.R.R. 398 (1961); *Zayas* v. *Orraca*, 80 P.R.R. 327, 334 (1958).